Requestor: Laurence K. Rubin, Esq., Corporation Counsel City of Buffalo 1100 City Hall 65 Niagara Square Buffalo, N Y 14202-3379
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
Your office has asked whether the board of education of the Buffalo city school district may reimburse a member of the board for legal defense costs relating to a charged ethics violation pending before the district's ethics commission.
In a telephone conversation, Assistant Corporation Counsel David F. Mix asked that we focus on whether the reimbursement of such legal costs is authorized by section 18 of the Public Officers Law or through enactment of a local law. You have indicated that the school district's board of education has authorized defense and indemnification under section 18 of the Public Officers Law.
Section 18 of the Public Officers Law authorizes and establishes the procedure for defense and indemnification of local government and school district officers and employees. Its provisions apply upon the decision of the local governing body to confer the benefits of the section upon its employees. Section 18 provides that a public entity must provide for the defense of an employee "in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties." Public Officers Law § 18(3)(a). The public entity is required to indemnify and save harmless its employees in the amount of any judgment obtained against an employee in a State or Federal court or in the amount of any settlement of a claim, provided that the act or omission occurred while the employee was acting in the scope of his public employment.Id., § 18(4)(a). The duty to provide for defense does not apply where the civil action or proceeding is brought by or on behalf of the local government or school district. Id., § 18(3)(a).
Section 18 provides for defense and indemnification of an employee in a civil action or proceeding. It seems clear that this is a reference to an action or proceeding in a State or Federal court. Under subdivision 4(a) of section 18, indemnification is authorized for any judgment against an employee "in a state or federal court". In a prior opinion of this office, we concluded that section 18 is not the exclusive authorization for provision of local defense and indemnification. 1988 Op Atty Gen (Inf) 45.
 "The authority of local governments to provide for defense and indemnification by a local enactment has been recognized (see, Corning v Laurel Hollow, 48 N Y 2d 348, 354 [1979]). We have found that section 18 of the Public Officers Law does not preempt the local establishment of defense and indemnification provisions (Informal Opinion No. 87-28). Section 18 expressly states that its provisions may replace or supplement other defense and indemnification enactments (§ 18[12]). Thus, a local government may elect defense and indemnification under section 18, continue or provide for defense and indemnification under a local enactment or supplement local enactments with the provisions of section 18 (Informal Opinion No. 8728)."
In that boards of education of school districts do not have the authority to enact local laws, this additional source of authority would not be available to them. We note also that local legislation authorizing defense and indemnification, whether enacted under section 18
of the Public Officers Law or utilizing home rule authority, must be wholly prospective in its operation. Op Atty Gen (Inf) No. 91-4. The provision of legal defense or reimbursement of defense costs may only apply to legal defense expenses incurred subsequent to enactment of a local law, or resolution applying the provisions of section 18
of the Public Officers Law. Ibid.
We conclude that section 18 of the Public Officers Law does not authorize the reimbursement of defense costs relating to the defense of an employee in an administrative proceeding before the local board of ethics.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.